BILAL A. ESSAYLI
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
ALEXANDER L. FARRELL (Cal. Bar No. 335008)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-5557
    E-mail: Alexander.Farrell@usdoj.gov

Attorneys for Defendant
United States Postal Service

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAREED ROSHANDELL,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>        Defendant. | No. 5:25-cv-01465-KK-SHK<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>*[Declaration of Ryan Many and Proposed Order Concurrently filed herewith]*<br><br>Hearing Date:   September 18, 2025<br>Hearing Time:  9:30 a.m.<br>Ctrm:          3<br><br>Honorable Kenly Kiya Kato<br>United States District Judge |

# **TABLE OF CONTENTS**

DESCRIPTION                                                                                          PAGE

TABLE OF AUTHORITIES ................................................................................ii

NOTICE OF MOTION AND MOTION TO DISMISS ....................................................v

MEMORANDUM OF POINTS AND AUTHORITIES .................................................1

I.      INTRODUCTION ................................................................................1

II.     STATUTORY BACKGROUND FOR USPS MAILING STANDARDS AND THE LIMITED INDEMNITY FOR USPS PRIORITY MAILINGS ...........2

III.    PLAINTIFF'S LIMITED INDEMNITY CLAIM .........................................3

IV.     PLAINTIFF'S ALLEGATIONS IN THE COMPLAINT ...............................4

        1.      Negligence Claim ...................................................................5

        2.      Breach of Contract Claim .........................................................5

V.      ARGUMENT ......................................................................................5

        A.      There Is No Subject Matter Jurisdiction for Plaintiff's Tort Claims Against USPS ............................................................5

        B.      Plaintiff's Complaint is Premature as He Failed to Administratively Exhaust his FTCA Claim .......................................6

        C.      Plaintiff's Complaint Is Barred by The FTCA'S Postal Matter Exception ........................................................................8

        D.      Plaintiff Fails to Allege the Existence of any Contract with the United States of the USPS .......................................................10

        1.      There is No Contract Between Plaintiff and USPS .........................11

        2.      Plaintiff Has Already Received Compensation in Accordance with Applicable Postal Regulations ...............................................11

VI.     CONCLUSION ................................................................................13

# TABLE OF AUTHORITIES

DESCRIPTION                                                                        PAGE

**Cases**

*Anderson v. United States,*
  344 F.3d 1343 (Fed. Cir. 2003) ..................................................................11

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009).............................................................................12, 13

*Avery v. United States,*
  680 F.3d 608 (9th Cir. 1982) .......................................................................7

*Bahiakina v. United States Postal Serv.,*
  102 F. Supp. 3d (D. Mass. 2015) ...............................................................10

*Beasor v. United States Postal Serv.,*
  2018 WL 1845471 (E.D. Cal. Apr. 18, 2018) ..............................................9

*Cadwalder v. United States,*
  45 F.3d 297 (9th Cir. 1995) .........................................................................7

*Carr v. United States,*
  2022 WL 19973874 (D. Nev. Mar. 31, 2022) ..............................................8

*Djordjevic v. Postmaster Gen., U.S. Postal Serv.,*
  957 F. Supp. 31 (E.D.N.Y. 1997) ..............................................................12

*Dolan v. United States Postal Serv.,*
  546 U.S. 481 (2006)..................................................................................6, 9

*Earley v. United States,*
  2023 WL 2245669 (D. Or. Jan. 27, 2023) ...................................................8

*Earley v. United States,*
  2023 WL 2242007 (D. Or. Feb. 24, 2023) ...................................................8

*Est. of George v. Veteran's Admin. Med. Ctr.,*
  821 F. Supp. 2d 573 (W.D.N.Y. 2011)........................................................8

*FDIC v. Craft,*
  157 F.3d 697 (9th Cir. 1998) .......................................................................6

*Hanlin v. United States,*
  316 F.3d 1325 (Fed. Cir. 2003) ..................................................................11

*James v. Sec'y of Hous. & Urb. Dev.,*
  2024 WL 4761425 (C.D. Cal. Sep. 27, 2024) ..............................................8

*Kam–Almaz v. United States,*
  682 F.3d 1364 (Fed. Cir. 2012) ..................................................................11

*Kennedy v. United States Postal Serv.,*
  145 F.3d 1077 (9th Cir. 1998) .....................................................................6

*Lum v. Am.'s Collectibles Network, Inc.,*
  2011 WL 13225124 (C.D. Cal. Sept. 19, 2011) ...........................................9

*Mansy v. Kemper,*

2012 WL 2887220 (E.D. Tenn. July 13, 2012) ................................................ 12

*Martinez v. United States,*
2023 WL 6283294 (D. Or. Sept. 11, 2023) ................................................... 8

*Martinez v. United States,*
2023 WL 6255708 (D. Or. Sept. 26, 2023) ................................................... 8

*MB Fin. Grp., Inc. v. U.S. Postal Serv.,*
545 F.3d 814 (9th Cir. 2008) ......................................................................... 6

*McNeil v. United States,*
508 U.S. 106 (1993).............................................................................. 6, 7, 8

*Ouellette v. United States,*
2017 WL 2196738 (D. Mass. May 18, 2017) ............................................. 10

*Precision Pine & Timber, Inc. v. United States,*
596 F.3d 817 (Fed. Cir. 2010) ..................................................................... 11

*Ridgway Hatcheries v. United States,*
278 F.Supp. 441 (N.D. Ohio 1968) .............................................................. 12

*Rodney v. U.S. Post Off.,*
2022 WL 3574430 (C.D. Cal. July 6, 2022) ................................................. 9

*Rios v. United States Postal Serv.,*
Case no. 5:24-cv-01831-FWS-PD, Dkt. 16 (C.D. Cal. Nov. 19, 2024) ...... 10

*Salamunovich v. Brennan,*
2018 WL 6267818 (C.D. Cal. Mar. 22, 2018) .............................................. 9

*Shipek v. United States,*
752 F.2d 1352 (9th Cir. 1985) ....................................................................... 7

*Sportique Fashions, Inc. v. Sullivan,*
597 F.2d 664 (9th Cir. 1979) ......................................................................... 9

*Vacek v. U.S. Postal Serv.,*
447 F.3d 1248 (9th Cir. 2006) ....................................................................... 7

*Vasko v. United States,*
581 Fed. Appx. 894 (Fed. Cir. 2014)........................................................... 11

*Warren v. United States Dep't of Interior Bureau of Land Management,*
724 F.2d 776 (9th Cir. 1984) ......................................................................... 7

*Young v. United States,*
2017 WL 2312687 (D. Mass. May 26, 2017)............................................... 10

**Statutes**

28 U.S.C. § 2675(a) .................................................................................... 1, 7
28 U.S.C. § 2679(a) ........................................................................................ 6
28 U.S.C. § 2680(b) .................................................................................... 1, 9
39 U.S.C. § 201 ............................................................................................... 6
39 U.S.C. § 409(c) .......................................................................................... 6
42 U.S.C. § 233(a) .......................................................................................... 7

**Regulations**

39 C.F.R. § 111.1 .................................................................................................2, 12

1

## <u>NOTICE OF MOTION AND MOTION TO DISMISS</u>

2    PLEASE TAKE NOTICE that, on September 18, 2025 at 9:30 a.m., or as soon

3  thereafter as they may be heard, Defendant United States Postal Service ("Defendant" or

4  "USPS") will bring for hearing this motion to dismiss the negligence claim in the

5  Complaint filed by Plaintiff Fareed Roshandell ("Plaintiff") before the Honorable Kenly

6  Kiya Kato, United States District Judge, Courtroom 3, located at the George E. Brown, Jr.

7  Federal Building and Courthouse, 3470 Twelfth Street, Riverside, CA 92501.

8    Defendant moves to dismiss pursuit to Fed. R. Civ. P. 12(b)(1) and (6) on the

9  grounds that Complaint (1) is barred because the United States has never waived sovereign

10  immunity to permit tort claims against federal agencies; (2) Plaintiff failed to

11  administratively exhaust his tort claim; (3) the United States' limited waiver of sovereign

12  immunity under the FTCA does not extend to permit Plaintiff's tort claim based on alleged

13  failed U.S. Mail delivery; and (4) Plaintiff has not plead any contract with the USPS and

14  Plaintiff already received payment that he is entitled to under USPS regulations.

15    This motion is made upon this Notice, the attached Memorandum of Points and

16  Authorities, the Declaration of Ryan Many, and all pleadings, records, and other

17  documents on file with the Court in this action, and upon such oral argument as may be

18  presented at the hearing of this motion.

19    This motion is made following the conference counsel for USPS and *pro se*

20  Plaintiff, pursuant to Local Rule 7-3, which was held by telephone on July 28, 2025.

21

22

23

24

25

26

27

28

v

Dated: August 11, 2025

Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section


_/s/ Alexander L. Farrell_
ALEXANDER L. FARRELL
Assistant United States Attorney

Attorneys for Defendant United States Postal Service

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

*Pro se* plaintiff Fareed Roshandell sued United States Postal Service ("USPS") for negligent transmission of mail and a purported breach of an insurance coverage contract. Plaintiff, however, cannot proceed with his claims because subject matter jurisdiction is barred, and he does not have a contract with USPS.

**First**, pursuant to 28 U.S.C. § 2675(a), an action for money damages under the Federal Tort Claims Act ("FTCA") can only be filed against the United States— not against federal agencies like defendant USPS. No waiver of sovereign immunity permits suing a federal agency like USPS in tort.

**Second**, the face of the Complaint shows Plaintiff's administrative claim was not exhausted at the time of filing this lawsuit, rendering the lawsuit premature and this Court without jurisdiction over Plaintiff's tort claim.

**Third**, even if he had named the proper defendant (the United States) and had his negligence claim been administratively exhausted prior to filing suit, there still would be no jurisdiction to proceed with the tort claim. That is because the FTCA explicitly excludes claims "…arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). This includes Plaintiff's negligence claim of causing mail to be lost or to arrive late. FTCA's limited waiver of sovereign immunity bars such claims.

**Fourth,** the Plaintiff has not plead any contract with the USPS and Plaintiff already received the indemnity payment that he is entitled to under USPS regulations. USPS has never consented to be liable the reimbursement of insurance coverage obtained through third party entities. Plaintiff's insurance claim was obtained through a company called U-PIC Shipping Insurance ("U-PIC"), which is not associated with USPS. The USPS paid in full the limited indemnity claim submitted by Plaintiff pursuant to USPS' mailing regulations. As such, he has not plead that he has an "insurance contract" with USPS and therefore cannot allege any breach of said contract.

For all these reasons, the USPS requests that the Court grant this motion and dismiss

1

Plaintiff's Complaint in its entirety.

## II.    STATUTORY BACKGROUND FOR USPS MAILING STANDARDS AND THE LIMITED INDEMNITY FOR USPS PRIORITY MAILINGS

The Mailing Standards of the USPS, Domestic Mail Manual ("DMM") provides the USPS' official prices and standards for all domestic mailing services. Declaration of Ryan Many ("Many Decl.") ¶ 2. The DMM is a USPS publication incorporated by reference into the Code of Federal Regulations. *See* 39 C.F.R. § 111.1 (incorporating by reference the DMM).

Pursuant to DMM Section 503.4.2, Priority Mail pieces are insured against loss, damage, or missing contents for no more than $100 in coverage. Many Decl. ¶ 3; Ex. 1. DMM Section 609.5.4 states that when an article is lost, the indemnity payment includes an additional amount for the postage paid by the sender. Many Decl. ¶ 4.

Pursuant to DMM Section 609.1.5, a customer can submit a domestic indemnity claim online or by mail by submitting Postal Service Form 1000, *Domestic or International Claim*, with supporting documentation. *Id*. ¶ 1.

The indemnity claims process uses the Customer Inquiry and Claims Response System (CICRS) to provide customers with an efficient means of settling their claims. CICRS is designed to pay or deny indemnity claims against USPS when there is loss or damage to insured articles in the mail stream. *Id*. ¶ 4.

Once USPS receives the claim in CICRS, the claim data is processed, and a determination is made to pay or deny the claim and payment data is sent to USPS accounts payable for processing. *Id*. ¶ 5. If the claim is denied or documentation is missing, the clamant is notified by mail. *Id*. ¶ 6.

If a customer is unsatisfied with the claim decision, the customer can submit an appeal of the decision online, within 30 days from the date of the original decision. DMM 609.6.2; *see* Many Decl. Ex. 1. If the customer did not file their claim online, the customer must send a written appeal to the USPS Accounting Services. *Id*. After receiving the appeal, if the Accounting Services sustains the denial of a claim, the customer may submit

an additional appeal of the decision online, within 30 days for final review. DMM 609.6.3; *see* Many Decl. Ex. 1. If the customer did not file their claim online, the customer must send a written appeal to the USPS Consumer Advocate for final adjudication. *Id*.

### III.    PLAINTIFF'S LIMITED INDEMNITY CLAIM

On August 21, 2024, USPS received an online indemnity claim from Plaintiff for reimbursement of the value of a lost package containing a Coleman-brand portable power station ("Power Station"). Many Decl. ¶ 7. The requested amount of the indemnity claim was $1,449.95. *Id*. ¶ 12. In support of his claim, Plaintiff attached a copy of his Amazon transaction sheet which included a tracking number for the missing package. *Id*. ¶ 7; Ex. 2.

Plaintiff's Amazon transaction sheet shows his package was shipped via USPS Priority Mail, with tracking number 9310 8201 1114 1095 2736 6845. Many Decl. ¶¶ 7-8; *see also* Dkt. 1 ("Compl.") at 9. The Amazon transaction sheet is from an Amazon seller's portal through Amazon Marketplace which showed Plaintiff purchased insurance through U-PIC. *Id*. U-PIC is not affiliated with USPS. Many Decl. ¶ 8. Plaintiff provided no proof that he purchased any insurance directly or indirectly through USPS. *Id*.; *see also* DMM 609.3.1 (Providing Evidence of Insurance and Value).

The Amazon Marketplace allows for sellers to purchase insurance through U-PIC. Many Decl. ¶ 9; *see also* U-PIC website titled as *Why Amazon Marketplace Sellers Trust U-PIC for USPS Shipping Insurance Over $100*, https://u-pic.com/why-amazon-marketplace-sellers-trust-upic (last visited Aug. 8, 2025). U-PIC has its own separate insurance claims process for obtaining insurance reimbursement for lost packages. Many Decl. ¶ 10; *see also* U-PIC claims website, https://u-pic.com/claims (last visited Aug. 8, 2025); *see also* Amazon Specific U-PIC claims website, https://amazon.u-pic.com/ (last visited Aug. 8, 2025). U-PIC also has its own separate insurance coverage terms and conditions that do not include USPS as a party. Many Decl. ¶ 11; *see also* Amazon U-PIC insurance coverage terms website, https://amazon.u-pic.com/amazon-coverage (last visited Aug. 8, 2025). USPS has no records of any insurance that was purchased by

Plaintiff from USPS under this claim or for his package. Many Decl. ¶ 14.

On August 21, 2024 (the same day that then indemnity claim was filed), USPS wrote a letter to Plaintiff informing him that his insurance claim was approved but would be paid at the lesser amount than requested. *Id*. ¶ 12, Ex. 3; *see also* Compl. at 8. Although the requested indemnity claim amount was $1,449.95, USPS explained that it would only reimburse up to $100. *Id*. This letter informed Plaintiff that he could file an appeal within 30 days. *Id*.

On August 22, 2024, USPS Accounting Service Center entered Plaintiff's claim for further adjudication to verify the value of the Power Station. *Id*. ¶ 13. The USPS confirmed the value of the Power Station and then issued a check in the amount of $214.53. *Id*. ¶ 13. The total payment of $214.53 in the check includes the following.

First, $100.00 for insurance which is the maximum amount for a Priority Mail indemnification claim when no additional insurance coverage is purchased through USPS. *Id*. ¶ 13(a). Second, $114.53 for shipping reimbursement which is less than the amount on his Amazon documents submitted which indicate he paid $121.28 for shipping. *Id*. ¶ 13(b). The CICRS system shows the exact amount paid to USPS for postage. *Id*.

The check from the USPS was mailed to Plaintiff on or about September 20, 2024. *Id*. ¶ 13; *see also* Compl. at 10. The CICRS reflects the check was deposited on October 24, 2024. Many Decl. ¶ 15.

On October 30, 2024, USPS Accounting Service Center received additional correspondence from Plaintiff which was forwarded for adjudication as a first appeal on November 6, 2024. *Id*. ¶ 16.

USPS denied the appeal on November 6, 2024, because it already paid the maximum amount of $100 for indemnification plus the shipping reimbursement. *Id*. ¶ 17.

## IV.   PLAINTIFF'S ALLEGATIONS IN THE COMPLAINT

On June 12, 2025, Plaintiff filed a complaint against the USPS. Dkt. 1 ("Compl."). The Complaint alleges that USPS negligently handled and lost the Power Station that he provided to USPS at the Palms Springs Post Office. Compl. ¶ 12. The package was

4

intended to be delivered to San Juan, Puerto Rico. *See* Compl. at 8-9. Plaintiff's Complaint asserts two claims.

### 1. Negligence Claim

Plaintiff asserts a claim for negligence under the Federal Tort Claims Act ("FTCA"). *See* Compl. ¶¶ 16-23. Plaintiff alleges that USPS failed to exercise reasonable care when it lost his package after it was provided to the Palms Springs Post Office. *See* Compl. ¶¶ 12, 16-17.

On or about March 4, 2025, Plaintiff filed an administrative claim on a Standard Form 95, *Claim for Damage, Injury, or Death* (SF-95) asserting a claim to the USPS that his shipping package was lost at the Palms Springs Post Office. Compl. ¶ 6; Compl. at 5-6. Plaintiff's SF-95 states the value of his package was $1,449.95. Compl. at 5.

Plaintiff alleges he only waited three months following the March 4, 2025, submission of his SF-95 before filing this lawsuit. Compl. ¶ 7. Plaintiff states he elected to treat his claim as denied after three months. *Id*.

### 2. Breach of Contract Claim

Plaintiff also asserts a claim for breach of contract. *See* Compl. ¶¶ 25-28. He alleges that entered a "valid and enforceable contact" by insuring his package. Compl. ¶ 25. Plaintiff's attachments to the Complaint, are same attachments submitted to the USPS indemnity claim that demonstrates he purchased "insurance" through U-PIC. *Comp*. Many Decl. ¶¶ 7-8 *with* Compl. at 9. Plaintiff alleges USPS breached the "insurance contract" when it lost his package and when it unfairly interfered with his right to recover the full declared value of the package. Compl. ¶ 27.

## V.    ARGUMENT

### A.    There Is No Subject Matter Jurisdiction for Plaintiff's Tort Claims Against USPS

The FTCA grants a limited waiver of sovereign immunity for certain tort claims to proceed against the United States, such that the only proper defendant under the FTCA is the United States. 28 U.S.C. § 2679(a), (b)(1); *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir.

1998) ("The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States."); *Kennedy v. United States Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) ("[a] claim against the United States Postal Service in its own name is not a claim against the United States.").  Neither an agency nor an agency employee is an appropriate defendant, and any claims brought against an agency must be dismissed for lack of subject matter jurisdiction. *See Craft*, 157 F.3d at 706.

Moreover, the Postal Reorganization Act ("PRA") provides that the USPS is an independent executive agency of the United States and so enjoys sovereign immunity absent a waiver. *See* 39 U.S.C. § 201; *MB Fin. Grp., Inc. v. U.S. Postal Serv.*, 545 F.3d 814, 816 (9th Cir. 2008). The PRA provides that the FTCA "shall apply to tort claims arising out of activities of the Postal Service[.]" *Dolan v. United States Postal Serv.*, 546 U.S. 481, 484 (2006) (citations omitted); *see* 39 U.S.C. § 409(c). But again, only the United States may be sued as a defendant under the FTCA. *See Kennedy*, 145 F.3d at 1078.

Here, the Complaint expressly alleges that Plaintiff suffered damages because of a lost package caused by negligent and wrongful acts of the USPS and an unknown employee. *See* Compl. ¶¶ 2, 10, 13. As no waiver of sovereign immunity permits suing USPS in tort, his Complaint names the wrong defendant and must be dismissed.

**B.    Plaintiff's Complaint is Premature as He Failed to Administratively Exhaust his FTCA Claim**

The FTCA "provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." *McNeil v. United States*, 508 U.S. 106, 107 (1993) (quoting 28 U.S.C. § 2675(a)). A tort claim against the United States is exhausted after the claim is presented to the appropriate federal agency and the claim is denied, or six months have passed without a final resolution. 28 U.S.C. § 2675(a). "A claim is presented properly to an agency within the meaning of 28 U.S.C. § 2675(a) when the agency is given sufficient written notice to commence investigation, and the claimant places a value on the claim." *Avery v. United States*, 680 F.3d 608, 610 (9th Cir. 1982).

Sufficient notice must be given to the governmental agency to promote the goals of "eas[ing] court congestion and avoid[ing] unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." *Shipek v. United States*, 752 F.2d 1352, 1354 (9th Cir. 1985) (quoting S. Rep. No. 1327, 89th Cong., 2d Sess.). "The plaintiff is permitted to sue the United States only after the [administrative] claim is denied or six months have elapsed without final disposition by the agency. *Warren v. United States Dep't of Interior Bureau of Land* Management, 724 F.2d 776, 778 (9th Cir. 1984). The administrative claim requirement under the FTCA is jurisdictional and cannot be waived. *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995). In addition, courts are to strictly construe the exhaustion requirement. *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

Plaintiff cannot assert a tort claim against the United States because he has failed to exhaust administrative remedies under the FTCA, which requires the exhaustion of administrative remedies *before* the commencement of a tort action. 28 U.S.C. § 2675(a); 42 U.S.C. § 233(a); *Cadwalder v. United States*, 45 F.3d at 300-01. A party may not maintain an action against the United States under the FTCA "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied." 28 U.S.C. § 2675(a). An action filed before exhaustion of administrative remedies is premature and must be dismissed due to the Court's lack of subject matter jurisdiction. *McNeil*, 508 U.S. at 113.

Plaintiff admits that he failed to exhaust the administrative remedies. He states that he filed his administrative claim with the USPS on March 4, 2025, but admits he only waited *three* months before filing the Complaint with this Court. Compl. ¶¶ 6-7. Plaintiff provides no authority demonstrating how he can "elect" to deny his own an administrative claim, when only *three* months had passed; and which is contrary to the six-month presentment requirement. Thus, Plaintiff has failed to exhaust administrative remedies as required by the FTCA, and the Court lacks subject matter jurisdiction over Plaintiff's tort claim.

Courts are unanimous that actions must be dismissed if they are filed prematurely before either the agency's denial of the claim or the expiration of the six-month time period after the claim is submitted to the agency. *McNeil*, 508 U.S. at 110-113. In *Earley v. United States*, 2023 WL 2245669, at * 4 (D. Or. Jan. 27, 2023), *report and recommendation adopted at* 2023 WL 2242007 (D. Or. Feb. 24, 2023), the Bureau of Prisons received the plaintiff's complaint on the same day that the plaintiff filed suit. *Id.* While the complaint was pending, six months elapsed following plaintiff's submission of his claim. *Id.* The *Earley* court rejected plaintiff's argument that the exhaustion requirement was mooted by the passage of time and dismissed for failure to exhaust. *Id.*; *see also James v. Sec'y of Hous. & Urb. Dev.*, 2024 WL 4761425, at *8-9 (C.D. Cal. Sep. 27, 2024) (dismissing FTCA claim for being unexhausted and rejecting argument that case should be stayed pending administrative exhaustion); *Martinez v. United States*, 2023 WL 6283294, at *1-2 (D. Or. Sept. 11, 2023), *report and recommendation adopted at* 2023 WL 6255708 (D. Or. Sept. 26, 2023) (same); *Carr v. United States*, 2022 WL 19973874, at *2-3 (D. Nev. Mar. 31, 2022) (dismissing complaint where administrative claim was filed two days after complaint was filed and noting that for purposes of FTCA exhaustion, deficiencies in timing of initial complaint could not be cured by filing subsequent amended complaints); *Est. of George v. Veteran's Admin. Med. Ctr.*, 821 F. Supp. 2d 573, 580 (W.D.N.Y. 2011) (dismissing case where complaint was filed prematurely while administrative claim was still pending). Because Plaintiff admits that his FTCA claim against the United States are unexhausted, leave to amend should be denied because amendment cannot cure the jurisdictional defect.

### C.    Plaintiff's Complaint Is Barred by The FTCA'S Postal Matter Exception

The FTCA explicitly excludes from its waiver of sovereign immunity "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). This jurisdictional exception includes "negligence causing mail to be lost or to arrive late, in damaged condition, or at the wrong address." *Dolan*, 546 U.S.

at 485-86 (finding that § 2680(b) applies categorically to "injuries arising, directly or
consequentially, because mail either fails to arrive at all or arrives late"). In *Dolan*, the
Court further explained that the exception extends "to situations involving personal or
financial harms arising from non-delivery or late delivery of sensitive materials or
information (e.g., medicines or a mortgage foreclosure notice) or from negligent handling
of a mailed parcel (e.g., shattering of shipped china dinnerware)." *Id*.

Here, the Complaint alleges that the USPS breached a duty of care owed to him to
exercise reasonable care when it did not ensure that his package would be delivered. *See*
Compl. ¶¶ 16-22; Ex. 1. Courts in the Ninth Circuit have regularly found that tort claims
for lost or mishandled mail, such as the tort claim asserted here, fall squarely within the
FTCA's postal matter exception. *See e.g.,* 28 U.S.C. § 2680(b); *Dolan*, 546 U.S. at 489;
*Sportique Fashions, Inc. v. Sullivan*, 597 F.2d 664, 665 (9th Cir. 1979) (noting that "if
[plaintiffs] had sued the Postal Service itself that suit would be prohibited by 28 US.C. §
2680(b)); *Rodney v. U.S. Post Off.*, 2022 WL 3574430, at *3 (C.D. Cal. July 6, 2022)
(dismissing a claim of stolen mail for lack of subject matter jurisdiction because it was
barred by the FTCA); *Beasor v. United States Postal Serv.*, 2018 WL 1845471, at *3 (E.D.
Cal. Apr. 18, 2018) ("The Court finds that Plaintiff's claim arises out of the negligent
transmission of postal matter and clearly falls within the postal matter exception to the
FTCA."); *Salamunovich v. Brennan*, 2018 WL 6267818, at *2 (C.D. Cal. Mar. 22, 2018)
("Because the only claim actually pleaded in the complaint is barred by 28 U.S.C. §
2680(b), the complaint must be dismissed."); *Lum v. Am.'s Collectibles Network, Inc.*,
2011 WL 13225124, at *2 (C.D. Cal. Sept. 19, 2011) (citing 28 U.S.C. § 2680(b) and
dismissing claims against the USPS under the postal matter exception); *Rios v. United
States Postal Serv.*, case no. 5:24-cv-01831-FWS-PD, Dkt. 16 (C.D. Cal. Nov. 19, 2024)
(same). For this reason, Plaintiff's tort claim must be dismissed because it is barred by the
postal matter exception to the FTCA.

Further, district courts have also found under the postal matter exception, there is
no subject matter jurisdiction to bring action against the USPS for reimbursement of

insurance claims for lost mail. *See e.g., Bahiakina v. United States Postal Serv.*, 102 F. Supp. 3d at 371-72 (D. Mass. 2015) (holding that, under postal-matter exception, court lacked subject-matter jurisdiction over claim seeking reimbursement for cost of lost Apple iPad worth $625); *Young v. United States*, 2017 WL 2312687, at *1 (D. Mass. May 26, 2017) (holding that, under postal-matter exception, court lacked subject-matter jurisdiction over claim seeking reimbursement for cost of lost Apple iPod worth $164); *Ouellette v. United States*, 2017 WL 2196738, at *1 (D. Mass. May 18, 2017) (holding that, under postal-matter exception, court lacked subject-matter jurisdiction over claim seeking reimbursement for cost of lost package worth $600). As such, Plaintiff's claims are barred by Postal Matter's exception of the FTCA.

Because the United States and its agencies have not waived its sovereign immunity for claims based on negligent or otherwise wrongful transmission of mail, Plaintiff's entire lawsuit must be dismissed without leave to amend.

### D.    Plaintiff Fails to Allege the Existence of any Contract with the United States of the USPS

Plaintiff also alleges a breach of the "insurance coverage contract" with USPS for the mailing his package. *See* Compl. ¶¶ 25-28. Plaintiff argues that based on an "insurance contract," USPS owes him the full declared value of his package ($1,449.95) and fees and costs of this lawsuit. *See id.; Prayer for Relief*. However, there is no subject matter jurisdiction over Plaintiff's contract claim because: (1) Plaintiff has not plead any contract with the USPS; and (2) Plaintiff already received payment that he is entitled to under USPS regulations and USPS is not liable for U-PIC's insurance coverage.

To establish the existence of a contract with the United States, a plaintiff must establish four elements: "(1) mutuality of intent to contract; (2) lack of ambiguity in offer and acceptance; (3) consideration; and (4) a government representative having actual authority to bind the United States in contract." *Vasko v. United State*s, 581 Fed. Appx. 894, 897 (Fed. Cir. 2014) (quoting *Anderson v. United States*, 344 F.3d 1343, 1353 (Fed. Cir. 2003)). The burden is on the plaintiff to prove the existence of the contract. *Kam–*

10

*Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012) (citing *Hanlin v. United States*, 316 F.3d 1325, 1328 (Fed. Cir. 2003)).

Further, while every contract includes an implied covenant of good faith and fair dealing, the scope of that duty "depends in part on what that contract promises (or disclaims)." *Precision Pine & Timber, Inc. v. United States*, 596 F.3d 817, 830 (Fed. Cir. 2010). This implied covenant "cannot expand a party's contractual duties beyond those in the express contract or create duties inconsistent with the contract's provisions." *Id.* at 831.

### 1.    There is No Contract Between Plaintiff and USPS

Here, the Complaint fails to plead any facts supporting the elements of contract formation with USPS. Plaintiff's only conclusory allegation is that "Plaintiff and Defendant entered into a valid and enforceable contact by insuring the package." Compl. ¶ 25. But contemporaneous documents to the complaint and by reference in the declaration supporting this motion, show there is no contractual relationship between USPS and Plaintiff. Plaintiff's package was shipped via USPS Priority Mail. *See* Many Decl. ¶¶ 7-8; *see* Compl. at 9. But the Amazon transaction sheet showed Plaintiff purchased insurance through U-PIC. *Id.* U-PIC is not affiliated with USPS. Many Decl. ¶ 8.  U-PIC also has its own separate insurance coverage terms and conditions that do not include USPS as a party. Many Decl. ¶ 11. Further, USPS has no records of insurance that was purchased by Plaintiff from USPS under this claim or for his package. Many Decl. ¶ 14. A mere legal conclusion that Plaintiff "valid and enforceable contract" is wholly insufficient to demonstrate an actual contract with USPS to recover the full declared value of his package. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If that were true, then there would be endless litigation of plaintiffs simply claiming they have a "contract" with the United States. For this reason, Plaintiff's contract claim must be dismissed because the Complaint fails to demonstrate any express contract formation with USPS.

### 2.    Plaintiff Has Already Received Compensation in Accordance with Applicable Postal Regulations

Not only is there no contract between Plaintiff and USPS, but Plaintiff has already

received the payment that he is entitled to under USPS regulations. "Claims against [USPS] for the value of the contents of the lost mail…may be maintained to the extent that the USPS consents to be liable, and the extent of its liability is defined by the postal laws and regulations." *Djordjevic v. Postmaster Gen., U.S. Postal Serv.*, 957 F. Supp. 31, 34 (E.D.N.Y. 1997) (citations omitted). The traditional principles of contract theory "…[do] not apply to claims for breach of postal insurance contracts because the 'postal insurance regulations are promulgated pursuant to statutory authority and therefore have the force and effect of law.'" *Ridgway Hatcheries v. United States*, 278 F.Supp. 441, 443 (N.D. Ohio 1968); *Mansy v. Kemper*, 2012 WL 2887220, *2 (E.D. Tenn. July 13, 2012) (same).

The DMM incorporated by reference allows for limited indemnity claims to be filed by customers for limited recovery. *See* 39 C.F.R. § 111.1. Pursuant to the DMM Section 503.4.2, Priority Mail pieces are insured against loss, damage, or missing contents for no more than $100 in coverage. Many Decl. ¶ 3; Ex. 1. And DMM Section 609.5.4 states that when an article is lost, the payment includes an addition amount for the postage paid by the sender. Many Decl. ¶ 4.

Here, On August 21, 2024, USPS received an online indemnity claim from Plaintiff for reimbursement of the value of the Power Station. Many Decl. ¶ 7. On the same day, USPS wrote a letter to Plaintiff informing him that his insurance claim was approved but would be paid at the lesser amount than requested. *Id*. ¶ 12, Ex. 3; *see also* Compl. at 8. Then on August 22, 2024, USPS Accounting Service Center entered Plaintiff's claim for further adjudication to verify the value of the Power Station. Many Decl. ¶ 13. The USPS confirmed the value of the Power Station and then issued a check in the amount of $214.53. *Id*. ¶ 13. The total payment of $214.53 in the check included $100.00 for insurance which is the maximum amount for a Priority Mail indemnification claim when no additional insurance coverage is purchased through USPS; and $114.53 for shipping reimbursement. *Id*. ¶ 13(a)-(b). The CICRS system shows the exact amount paid to USPS for postage. *Id*. The check from the USPS was mailed to Mr. Roshandell on or about September 20, 2024. *Id*. ¶ 13; *see also* Compl. at 10. After cashing the check (Many Decl. ¶ 15) Plaintiff

challenged the adjudication of his indemnity claim. *Id*. ¶ 16. USPS denied the appeal on November 6, 2024, because it already paid the maximum amount of $100 for indemnification plus the shipping reimbursement. *Id*. ¶ 17. The USPS paid the full amount owed under the DMM. And as explained above, USPS never consented to be liable the reimbursement for U-PIC's insurance coverage, which is not associated with USPS. *See* Section III, *supra*. Again, merely stating a legal conclusion that USPS "unfairly interfered with his right to recover the full declared value of the contract" is insufficient to demonstrate a contract with the Federal government or that he is owed more than is prescribed by USPS regulations. *See Iqbal*, 556 U.S. at 678.

Plaintiff's contract claim must be dismissed for this additional reason as there is no contract formation under the DMM, and even if one could be construed, Plaintiff received and cashed the check for the full value of the indemnity claim.

## VI.    CONCLUSION

For all the forgoing reasons, Defendant United States Postal Service respectfully requests that the Court grant this motion to dismiss without leave to amend.

Dated: August 11, 2025          Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section


_____*/s/ Alexander L. Farrell*_____
ALEXANDER L. FARRELL
Assistant United States Attorney

Attorneys for Defendant United States Postal Service

## **Local Rule 11-6.2 Certificate of Compliance**

The undersigned counsel of record certifies that this memorandum contains 4,535 words and is 13 pages which complies with the word limit set by L.R. 11-6.1 and the page limit set by the Court's Standing Order.

Dated: August 11, 2025                    _/s/ Alexander L. Farrell_

ALEXANDER L. FARRELL
Assistant United States Attorney

14